IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 14-548 |
| BRIAN HARTLINE<br>BARRY BEKKEDAM | : | |
| | : | |

**UNITED STATES' MOTION TO QUASH SUBPOENAS DUCES TECUM**

The United States of America, by its attorneys, Zane David Memeger, United States Attorney, and David J. Ignall, Assistant United States Attorney, hereby respectfully moves this Court to enter an order quashing the subpoenas *duces tecum* issued on behalf of defendant Barry Bekkedam directing the United States Attorney, the Department of the Treasury, and the investigating agents to produce documents before the Court on September 17, 2015. Copies of the subpoenas *duces tecum*, are attached as Exhibit A. All of the subpoenas *duces tecum* are impermissible and in contravention of Rules 16 and 17 of the Federal Rules of Criminal Procedure. Accordingly, the United States respectfully requests that this Court enter an order quashing the subpoenas *duces tecum*.

**I.     Background**

Defendant Bekkedam filed a motion to dismiss the indictment for prosecutorial misconduct (docket number 40). The motion concerned the interview by investigating agents of Lawrence Rovin. Bekkedam claims that this interview violated the attorney client privilege. As discussed in the government's response (docket number 51), Bekkedam has failed to identify a single instance in which Rovin disclosed a privileged communication. Bekkedam has now served subpoenas *duces tecum* on the Department of the Treasury, the United States Attorney,

and the investigating agents. The subpoenas to the United States Attorney and the Department of the Treasury seek documents and communications that refer, relate, or evidence a request for approval for employees to interview Rovin. The subpoenas also seek all documents and communications that related to Rovin's status as an attorney, as an attorney for Bekkedam, and as an attorney for Ballamor. The subpoenas *duces tecum* to the investigating agents seek "all notes or memoranda reflecting interviews or communications with Lawrence 'Larry' Rovin."[1]

## II.     The requested items are not discoverable under Rule 17

The subpoenas *duces tecum* to the United States Attorney, the Department of the Treasury, and the investigating agents must be quashed because they are merely a vehicle to obtain records not discoverable under the Federal Rules of Criminal Procedure. "Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." Bowman Dairy Co. v. United States, 341 U.S. 214, 219 (1951). Thus, only materials that are "admissible as evidence" are subject to subpoena under the rule. United States v. Cuthbertson, 651 F.2d 189, 192 (3d Cir. 1981). "It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." Bowman Dairy Co., 341 U.S. at 220; see also United States v. Hughes, 895 F.2d 1135, 1146 (6th Cir.1990) (Rule 17 does not allow for the production of impeachment evidence). The subpoenas seek items that are not admissible as evidence, such as documents regarding internal approvals to interview or subpoena an attorney and internal communications regarding a witness

---

1 The subpoenas to the investigating agents also seek testimony at the hearing. The government is not moving to quash the testimony subpoenas in this motion. But because the defendant has failed to identify a single privileged statement revealed by Rovin, there is no need for the court to take any evidence at the hearing. Accordingly, the government will reserve its objections to the agents' testimony, including as to relevance, work product, privilege, and agency regulations at the hearing.

interview. As discussed in the government's response to the motion to dismiss, internal Department of Justice policies provide no rights to the defendant. See United States v. Wilson, 413 F.3d 382, 389 (3d Cir. 2005) (any failure to follow Department of Justice Guidelines "that may have occurred here nevertheless does not mandate (or even allow) relief").[2]

In addition to being irrelevant, the documents the defendant seeks are exempt from discovery. Rule 16(a)(2) excludes from disclosure "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." The subpoenas seek internal documents regarding approval to contact Lawrence Rovin and any internal communications regarding Rovin's status as an attorney. Thus, a subpoena for such documents should be quashed. See United States v. Brooks, 966 F.2d 1500, 1505 (D.C. Cir. 1992) (quashing subpoena for materials relating to the investigation as improper use of the subpoena as a discovery tool). And even if these subpoenas were to a third party, rather than the government, they are insufficient as the defendant has failed to identify any particular document in the subpoenas. Instead, the language of the subpoenas seeking "all documents and communications" and "all notes and memoranda" indicates that the defendant is merely fishing for information in the hopes that it will somehow support his motion to dismiss. This is an inappropriate use of a Rule 17 subpoena. See Bowman Dairy Co., 341 U.S. at 221 (quashing a "catch-all provision, not intended to produce evidentiary materials but … merely a fishing expedition to see what may turn up"); Cuthbertson, 651 F.2d at 192 (a subpoena may not be intended as a general "fishing

---

2 United States Attorney's Manual Section 9.13-410 G provides: "These guidelines are set forth solely for the purpose of internal Department of Justice guidance. They are not intended to, do not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter, civil or criminal, nor do they place any limitations on otherwise lawful investigative or litigative prerogatives of the Department of Justice."

expedition").³

**III. Conclusion**

In his motion to dismiss the indictment, Bekkedam failed to identify a single privileged communication that Rovin revealed to investigators. He has now issued subpoenas to the government in a fishing expedition in hopes that he might bolster support for that motion. Because a Rule 17 subpoena may not be used to contravene the discovery rules, the subpoenas *duces tecum* should be quashed.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


s/ David J. Ignall
DAVID J. IGNALL
Assistant United States Attorney

---

3 Insofar as the subpoenas seek statements made by witnesses or prospective witnesses, Rule 17(h) specifically states that such information "may not be subpoenaed from the government … under this rule, but shall be subject to production only in accordance with the provisions of Rule 26.2."

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically, is available for viewing and downloading from the Electronic Case Filing system, and was served by United States First Class Mail upon:

        Patrick J. Egan, Esq.
        Fox Rothschild LLP
        2000 Market Street
        Philadelphia, PA 19103-3222

        Russell D. Duncan, Esq.
        Shulman Rogers Gandal Pordy & Ecker, P.A.
        12505 Park Potomac Ave., 6th Floor
        Potomac, MD 20854

Date: September 14, 2015             s/ David J. Ignall
                                                          DAVID J. IGNALL
                                                          Assistant United States Attorney