**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Hon. C. Darnell Jones II |
| **v.** | |
| **BRIAN HARTLINE** | Criminal No. 14-548(CDJ) |
| **BARRY BEKKEDAM** | *DOCUMENT ELECTRONICALLY FILED* |

---

## DEFENDANT BARRY BEKKEDAM'S PRETRIAL MEMORANDUM

Pursuant to the Court's Order, as set forth in ECF 26, Mr. Bekkedam files this pretrial memorandum.

1.       **Nature of the Case To Be Presented by Mr. Bekkedam**:  Without waiving Mr. Bekkedam's right to silence (including, by extension, the right not to present any case at all), or acknowledging any shift in the Government's burden to prove every element of every offense charged beyond a reasonable doubt, *see, e.g., In re Winship*, 397 U.S. 358 (1970), Mr. Bekkedam will show that the acts charged are not in themselves criminal, that he did not conspire to, perform or aid or abet their performance, and to the extent that he did any act alleged, it was not with the requisite *mens rea* to sustain a conviction.

To the extent a defense is affirmatively presented in further support of those or other positions will be determined, in part, by the nature and quantum of the evidence presented by the Government in its case-in-chief.  Further limiting his inability to further articulate a defense at this time are the following factors caused by the Government's inactivity and failure to provide or its untimely provision of information:

a. The government has failed to carry through with its promise to the Court to provide any evidence that may impeach the witnesses it intends to call by October 1, 2015. *See* ECF 54, at 1. (Notwithstanding, it insists, despite a five year long investigation, it has not come across a single shred of exculpatory evidence. *See id*, at 3.) Impeachment evidence falls within the parameters of *Brady v. Maryland*, 373 U.S. 83 (1963). Hence the Government has failed to comply with its *Brady* obligation.

b. This morning, October 19, 2015, the Government provided the grand jury testimony of three witnesses it "may call" at trial. Otherwise, it has yet to provide any other material pursuant to 18 U.S.C. § 3500 ("*Jencks* material").

c. It was not until October 9, 2015, that the Government provided the defense with over 53 gigabytes worth of documents. These documents were originally described to defense counsel as being from NOVA Bank and containing, among other things, the complete loan files for the three loans that are at the heart of the allegations in the Indictment. To the extent those documents are among the production, they are buried among tens of thousands of other documents in hundreds of sub-folders.

d. Despite the fact that the Government initially solicited the defense to stipulate to the authenticity of 212,591 pages of documents from the entity Family Endowment Partners (which could be characterized as the *de facto* successor to Ballamor Capital Management), it was not until October 16, 2015, that the Government made these documents available to the defense.

e. The defense recently has learned that the Government has permitted the attendance of representatives of the Securities and Exchange Commission attend (if not attend and participate in) witness interviews both during the grand jury investigation, as well as

post-indictment, during witness trial-preparation interviews. Unless these individuals are on the "6(a)" list, they are available as potential witnesses to the defense.

2. **Witnesses to Appear at Trial**: At this juncture, it is impossible for Mr. Bekkedam to identify who, if any, witnesses he will call, and will not be until the Government has presented its case-in-chief. Therefore, no wholly-inclusive list can be identified. Moreover, beyond the contingent disclosure of expert witnesses and scientific or medical reports, such disclosure is beyond the scope of discovery to the government, *see* Fed.R.Crim.P., Rule 16(b)(2),[1] as the provision of such would be tantamount to the disclosure of the fruits of attorney work product. Moreover, to the extent that the identity of defense witnesses eases the burden on the government to present all evidence necessary to sustain a conviction, doing so would impinge on Mr. Bekkedam's Fifth Amendment due process rights.

Moreover, as outlined above, the failure to provide any *Brady* or comprehensive *Jencks* material, and the untimely provision of literally hundreds of thousands of pages of information further prevents Mr. Bekkedam from identifying all possible defense witnesses.

3. **Exhibits to Be Offered**: Without waiving his right to silence or his objection to anything that can be perceived as lessening or shifting the Government's burden of proof, Mr. Bekkedam is unable to identify all exhibits he will be offering at trial. Moreover, his ability to do so, as outlined above, is further impeded by the Government's failure to provide any *Brady* or comprehensive *Jencks* material, and the untimely provision of literally hundreds of thousands of pages of information. In particular, not having access to *Brady* information literally weeks after the Government promised the Court it would produce it makes it likely that documentary or

---

[1] Pursuant to .R.Crim.P., Rule 16(b)(1)(C), Mr. Bekkedam previously has provided disclosures to the government regarding potential expert testimony.

testimonial evidence exists which the defense would like to use but cannot presently identify (let alone have the time to investigate or develop further).

Mr. Bekkedam reserves the right to offer any document produced by the Government in discovery or produced by Mr. Bekkedam to the Government, including documents produced by Mr. Bekkedam to the SEC and made available to the Government.

4. **<u>Stipulations</u>**: Proposed stipulations between the parties have been forwarded to the Government. It is anticipated that they will be appended to the Government's Pretrial Memorandum.

5. **<u>Length of Case-in-Chief</u>**: Mr. Bekkedam estimates that, to the extent he chooses to present an affirmative case, it should not take longer than four days.

Date: <u>October 19, 2015</u>                                                    Respectfully submitted,


  /s/ Russell D. Duncan
Joel D. Schwartz
Russell D. Duncan
Jacob S. Frenkel
Allison Baker Shealy (*pro hac vice*
   admission pending)
jschwartz@shulmanrogers.com
rduncan@shulmanrogers.com
jfrenkel@shulmanrogers.com
ashealy@shulmanrogers.com
Shulman Rogers Gandal Pordy Ecker, P.A.
12505 Park Potomac Ave., 6th Floor
Potomac, MD 20854
T: (301) 945-9240
F: (301) 230-2891

Michael J. Engle
m.engle@gpeff.com
Greenblatt Pierce Engle Funt Flores
123 South Broad St. Suite 2500
Philadelphia, PA 19109

(215) 985-4275
Fax: (888) 495-7377

*Attorneys for Barry Bekkedam*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October 2015, I caused the foregoing *Defendant Barry Bekkedam's Pretrial Memorandum* to be filed electronically with the Case Management/Electronic Case Filing System ("CM/ECF") for the Federal Judiciary. Notice of this filing will be sent to all parties by operation of the CM/ECF system, and the parties to this action may access this filing through CM/ECF.

 /s/ Russell D. Duncan
Russell D. Duncan