IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 14-548 (CDJ) |
| BRIAN HARTLINE | : | |
| BARRY BEKKEDAM | | |
| | : | |

**DEFENDANT BARRY BEKKEDAM'S MOTION
TO EXCLUDE CERTAIN DOCUMENTS AND
TO PRECLUDE CERTAIN WITNESSES**

Defendant Barry Bekkedam, by and through undersigned counsel, moves pursuant to the Due Process Clause of the Fifth Amendment, the Compulsory Process and Confrontation Clauses of the Sixth Amendment, and Rule 16(d)(2) of the Federal Rules of Criminal Procedure, to exclude certain documents and preclude certain witnesses, averring as follows:

1. *Exhibit A,* attached and incorporated hereto, is a *Summary of Documentary Evidence Untimely Produced or Not Yet Produced, Witness Information Still Not In the Hands of the Defense, and Potentially Incomplete Exculpatory Evidence*.

2. This summary identifies how, on October 9 and October 16, 2015, the Government has produced for the first time literally hundreds of thousands of pages of documents. While there are believed to be important and relevant documents therein, as detailed in *Exhibit A,* all must be reviewed to make sure none are missed. Given the late hour, that is a near impossible task, certainly while coupled with the usual last-few-weeks-prior-to-trial flurry. Yet other documents, the centrality of which was made apparent in the October 19, 2015, Government's Trial Memorandum, may not yet have been produced at all.

3. As *Exhibit A* further details, until yesterday – October 20, 2015 – the Government had only produced *Jencks* information for 3 of its 36 lay witnesses. Fully 19 of these 36 lay witnesses are newly identified to the defense for the first time this week.

4. Then, this afternoon – October 21, 2015 – *seven business days before the start of trial* – as the defense was preparing this motion, the Government provided over 2,100 pages of deposition testimony for six of these witnesses, and 47 witness interview reports. All of the deposition testimony was from 2012 or earlier. 29 of the 47 witness interview reports were from the year 2014 or earlier.

5. *Exhibit A* further details that while undersigned counsel was incorrect by inadequately describing the *Brady/Giglio* production, on the one hand, there appears the possibility, minimally, that the Government has overstated and not fulfilled its compliance with its obligation to produce exculpatory evidence. While the Government has asserted that it is "not aware of any exculpatory evidence[,]" ECF 54, at 2, on information and belief, at least one of its potential witnesses has told the Government that no crime has occurred.

6. Indeed, there is some evidence that the Government may have allowed representatives of the Securities and Exchange Commission ("SEC") to attend its criminal investigation and criminal prosecution (*i.e.,* post-indictment) witness interviews – even though the SEC case has been suspended, on the Government's motion, to protect against purported discovery abuses by the defendants.

7. Evidence that is produced so late in the trial process that it limits the defendant's ability to effectively use it – *i.e.,* by further investigation, witness development, *etc.* – is tantamount to a failure to produce the evidence at all. In essence, discovery delayed is discovery denied. *E.g.*, *United States v. Starusko,* 729 F.2d 256, 261 (3d Cir.Pa.1984) (disclosure of Rule

16 materials must be made in a "timely" fashion); *see also United States v. Kaplan,* 554 F.2d 577, 578 (3d Cir.1977) ("we disapprove and discourage a practice of delayed production"); *Government of the Virgin Islands v. Ruiz,* 495 F.2d 1175, 1179 (3d Cir.1974) (encouraging "an affirmative policy of prompt compliance" with discovery requests); *United States v. Gengler,* 574 F.2d 730, 739 (3d Cir.1978)("prosecutor's timely disclosure obligation ... cannot be overemphasized")

8. General principles of fairness, as well as Mr. Bekkedam's rights to compel testimony and confront witnesses, dictate that this Court take the appropriate steps to rectify the real and potential harms to Mr. Bekkedam, such as by:

    a. Prohibiting the Government from calling, in its case-in-chief, those witnesses for whom *Brady* or *Giglio* information exists and has yet to be produced.

    b. Prohibiting the Government from calling, in its case-in-chief, those witnesses for whom full, corresponding documentary evidence needed for a complete cross-examination has yet to be produced.

    c. Excluding from presentation documents that have not yet been produced as required by discovery obligations or that have been produced so late that it is impossible for the defense to identify, and properly prepare to present or confront such documentation.

    d. Impose any other relief as this Court sees fit.

Date: October 21, 2015                    Respectfully submitted,

 /s/ Joel D. Schwartz
Joel D. Schwartz
Russell D. Duncan
Jacob S. Frenkel
Allison Baker Shealy
jschwartz@shulmanrogers.com
rduncan@shulmanrogers.com
jfrenkel@shulmanrogers.com
ashealy@shulmanrogers.com
Shulman Rogers Gandal Pordy Ecker, P.A.
12505 Park Potomac Ave., 6th Floor
Potomac, MD 20854
T: (301) 945-9240
F: (301) 230-2891

Michael J. Engle
m.engle@gpeff.com
Greenblatt Pierce Engle Funt Flores
123 South Broad St. Suite 2500
Philadelphia, PA 19109
(215) 985-4275
Fax: (888) 495-7377

*Attorneys for Barry Bekkedam*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, October 21, 2015, I caused the foregoing *Defendant Barry Bekkedam's Pretrial Memorandum* to be filed electronically with the Case Management/Electronic Case Filing System ("CM/ECF") for the Federal Judiciary. Notice of this filing will be sent to all parties by operation of the CM/ECF system, and the parties to this action may access this filing through CM/ECF.

 /s/ Joel D. Schwartz
Joel D. Schwartz