IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| v. | : | CRIMINAL NO. 14-548 (CDJ) |
| BRIAN HARTLINE | : | |
| BARRY BEKKEDAM | | |
| | : | |

**DEFENDANT BARRY BEKKEDAM'S OPPOSITION TO
MOTION TO QUASH SUBPOENA DUCES TECUM**

The Government's Motion to Quash Defendant Barry. Bekkedam's subpoena *duces tecum* to the U.S. Department of Treasury ("Treasury") takes a position akin to arguing that all evidence must flow through them, arguing to cut off legitimate pathways for criminal defendants to build their cases and in violation of Mr. Bekkedam's Sixth Amendment right to compulsory process.

The heart of the Government's case against Defendants is NOVA Financial Holdings, Inc.'s application to participate in the Treasury's Troubled Asset Relief Program ("TARP"), and in particular TARP's Capital Purchase Program ("CPP"). The Government has alleged that Defendants Hartline and Bekkedam made false statements to Treasury in order to obtain funds pursuant to TARP. They allege that Treasury was the intended victim of the Defendants alleged conspiracy. All of the documents sought in the subpoena directed to Treasury are related to Defendants purported statements to Treasury, the materiality of any such statements, and Treasury's consideration of the TARP application.

**I.  THE GOVERNMENT MISCHARACTERIZES THE SUBPOENA.**

The Government seeks to quash items that are not demanded in the subpoena. For example, the Government's Motion to Quash states that the "subpoenas seek items that are not

1

admissible as evidence, such as documents regarding internal approvals to interview or subpoena an attorney and internal communications regarding a witness interview." Gov't Motion to Quash at 2 (Oct. 22, 2015), ECF No. 92. The subpoena seeks no such document. *See* Subpoena Duces Tecum to U.S. Department of Treasury (Oct. 15, 2015) ("Treasury Subpoena"), attached as Ex. A to Gov't Motion to Quash at 6 – 10 (Oct. 22, 2015), ECF No. 92. The Government also states that the "documents the defendant seeks may also be exempt from discovery. Rule 16(a)(2) excludes from disclosure 'reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Gov't Motion to Quash at 2 (Oct. 22, 2015), ECF No. 92. The subpoena seeks no such documents. *See* Treasury Subpoena, attached as Ex. A to Gov't Motion to Quash at 6- 10 (Oct. 22, 2015), ECF No. 92.

What he subpoena does seek is only documents that were received or created contemporaneous with NOVA Financial Holdings, Inc.'s TARP application and consideration by Treasury of that application. *Id.* If that was not readily apparent in the subpoena, Mr. Bekkedam is willing to limit it to such documents and timeframe.

Finally, the Government alleges that "even if these subpoenas were to a third party, rather than the government, they are insufficient as the defendant has failed to identify any particular document in the subpoenas. Instead, the language of the subpoenas seeking 'all documents and communications' and 'all notes and memoranda' indicates that the defendant is merely fishing for information." Gov't Motion to Quash at 3 (Oct. 22, 2015), ECF No. 92. Once again, the subpoena makes no such requests.

## II. BEKKEDAM ATTEMPTED TO OBTAIN THESE DOCUMENTS PURSUANT TO FED. R. CRIM. PRO. 16.

Bekkedam attempted to obtain these documents from the Government well in advance of trial. Bekkedam made a request for relevant documents pursuant to Fed. R. Crim. Pro. 16 by letter dated February 24, 2015. Although the Government produced a hard drive of documents on or about March 20, 2015, it did not appear to contain any documents received directly from Treasury.

On or about July 24, 2015, the Government produced 115 pages of documents that appear to be from Treasury, but which were described as documents from the Federal Deposit Insurance Corporation. These 115 pages cannot constitute all of the relevant documents from Treasury. For example, there are emails between the FDIC and Treasury that were produced by the FDIC as a document custodian, but were not included in what Bekkedam's counsel believes to be the current Treasury production. As another example, the Government claims in its Trial Memorandum that the "final denial [of NOVA's TARP application] was on December 16, 2009," but there is no document evidencing that decision in what appears to be the document production previously produced from the Treasury.

Because of these apparent shortcomings in the document production, counsel for Bekkedam followed up and sent the Government another request on September 4, 2015, specifically asking for "all relevant documents from Treasury" and specifically asking for documents evidencing the purportedly false representations to Treasury as set forth in the Indictment.[1] The Government responded by indicating that it "has previously provided these [documents] to you. To the extent you refer to documents from the U.S. Department of Treasury, I refer you to the government's response to your motion to dismiss or strike surplusage at page 9 – 10."[2] In other words, although the Indictment alleges specific false statements to Treasury in addition to false statements to the FDIC, Federal

---

1 *See* Letter from Allison Baker Shealy to David Ignall (Sept. 4, 2015), attached as Exh. 1.
2 Letter from David Ignall to Allison Baker Shealy (Sept. 14, 2015), attached as Exh. 2.

Reserve or the Pennsylvania Department of Banking, the Government now takes the position that false statements to the FDIC, Federal Reserve or Pennsylvania Department of Banking can constitute false statements to Treasury.

Therefore, Bekkedam had no choice but to subpoena the documents, which directly impact defense, directly from their source – Treasury pursuant to Fed. R. Crim. Pro. 17(c).

### III. BEKKEDAM HAS A RIGHT TO SUBPOENA RELEVANT ADMISSIBLE EVIDENCE PURSUANT TO FED. R. CRIM. PRO. 17(C).

The Government's argument that Bekkedam's demand is outside the scope of the subpoena power is specious. Fed. R. Crim. Pro. 17(c) provides defendants with the ability to issue subpoenas for "books, papers, documents, data, or other objects." *Bowman Dairy Co. v. United States*, 341 U.S. 214, (1951), which the Government cites, recognizes that criminal defendants have a right to subpoena documents important to their defense if the Government refuses to provide such documents. It states in relevant part:

> [T]he plain words of the Rule [17] are not to be ignored. They must be given their ordinary meaning to carry out the purpose of establishing a more liberal policy for the production, inspection and use of materials at the trial. There was no intention to exclude from the reach of process of the defendant any material that had been used before the grand jury or could be used at the trial. In short, any document or other materials, admissible as evidence, obtained by the Government by solicitation or voluntarily from third persons is subject to subpoena.

In fact, Rule 17 identifies only two bases for quashing a subpoena issued pursuant thereto: if "compliance would be unreasonable or oppressive." Fed. R. Crim. Pro. 17(c)(2). *See generally United States v. Nixon*, 418 U.S. 683, 698 ("A subpoena for documents may be quashed if their production would be 'unreasonable or oppressive,' but not otherwise."). The Government has not asserted either as a basis for quashing the subpoena to Treasury and its Motion to Quash should be denied on that basis alone.

The Government's only complaint appears to be that the Bekkedam is "merely fishing for information." Motion to Quash at 3. Apparently asking the Government to actually provide the

documents that purport to show that Bekkedam did what he was alleged to do constitutes a "fishing expedition."

## IV. THE DOCUMENTS SOUGHT ARE RELEVANT AND ADMISSIBLE.

The Government recognizes in its Motion to Quash that Defendants are entitled to subpoena documents that are "admissible as evidence." Motion to Quash at 2 (citing *United States v. Cuthbertson*, 651 F.2d 189, 192 (3d Cir. 1981)). Evidence is generally relevant is it has any tendency to make a fact more or less probably than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401; *see also Spain v. Gallegos,* 26 F.3d 439, 452 (3d Cir. 1994) ("Because the rule makes evidence relevant 'if it has any tendency to prove a consequential fact, it follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant."). All relevant evidence is assumed to be admissible unless there is a specific rule prohibiting its admission. Fed. R. Evid. 402. The materials sought in Bekkedam's subpoena *duces tecum* to Treasury are both relevant and admissible.

### A. Communications Between NOVA and Treasury

Document Request A seeks:

**All communications between or among NOVA and Treasury that refer or relate to TARP.**

Treasury Subpoena attached as Ex. A to Gov't Motion to Quash at 9 (Oct. 22, 2015), ECF No. 92.

Count One of the Indictment alleges a conspiracy to defraud TARP through false statements to Treasury. Count Two alleges a scheme to defraud TARP through false statements to Treasury. Counts Three and Four specifically allege false statements by NOVA personnel to Treasury. Therefore there can be no question that documents reflecting communications

5

between NOVA and Treasury are relevant. To the extent the Government wishes to object to the admissibility of any particular document on specific grounds, we can deal with that on a document by document basis as they are introduced at trial, but there can be no question that the Defendants should be entitled to these documents.

### B. Communications Between Bekkedam and Treasury

Document Request B seeks:

**All communications between or among Bekkedam and Treasury that refer or relate to TARP.**

Treasury Subpoena attached as Ex. A to Gov't Motion to Quash at 10 (Oct. 22, 2015), ECF No. 92.

Once again, Mr. Bekkedam has been charged Count One of the Indictment alleges a conspiracy to defraud TARP through false statements to Treasury. Count Two alleges a scheme to defraud TARP through false statements to Treasury. Counts Three and Four specifically allege false statements by NOVA personnel to Treasury even though it charges Mr. Bekkedam as both a principle and aider or abettor. These documents, if they exist, are clearly relevant.

We believe that no such documents exist. Mr. Bekkedam is entitled to question the document custodian for Treasury to confirm that a diligent search was conducted for such documents and no such document exists.

### C. Communications Between the Banking Regulators Regarding NOVA's TARP Application.

Document Request C seeks:

**All communications between or among the Federal Deposit Insurance Corporation or its employees and Treasury that refer or relate to NOVA's application pursuant to TARP.**

Document Request D seeks:

**All communications between or among the Federal Reserve Board of Governors or its employees and Treasury that refer or relate to NOVA's application pursuant to TARP.**

Document Request E seeks:

**All communications between or among the Pennsylvania Department of Banking or its employees and Treasury that refer or relate to NOVA's application pursuant to TARP.**

Treasury Subpoena attached as Ex. A to Gov't Motion to Quash at 10 (Oct. 22, 2015), ECF No. 92.

The Government appears to allege that false statements to the Federal Deposit Insurance Corporation, Federal Reserve Board of Governors and/or Pennsylvania Department of Banking were for the purpose of defrauding Treasury. *See* Government's Opposition to Motion to Dismiss Indictment or Strike Surplusage, ECF 49, at 9-10 (arguing that Bekkedam was incorrect in asserting that only representations to Treasury and not other banking regulators should be stricken from the Indictment and asserting that TARP was administered through a number of banking regulators including the Federal Deposit Insurance Corporation); *see also* Indictment at Count One, ¶¶ 4-8, 20, 28, and Overt Act 5. To the extent a statement made by Messrs. Bekkedam or Hartline or an employee of NOVA to either the Federal Deposit Insurance Corporation, Federal Reserve Board of Governors and/or Pennsylvania Department of Banking was communicated to Treasury and is alleged to be fraudulent, Mr. Bekkedam is entitled to that information.

Moreover, communications between those agencies go to their consideration of NOVA's TARP application and what factors were or were not material to their decisionmaking with respect to TARP.

### D. Documents Related to Treasury's Consideration of NOVA' TARP Application

Document Request F seeks:

> **All documents reflecting Treasury's receipt and consideration of an application by NOVA made pursuant to TARP, including but not limited to:**
> **a. All Case Decision Memos considered by Treasury;**
> **b. All presentations made by the Federal Deposit Insurance Corporation or its employees regarding NOVA's TARP application;**
> **c. All presentations made by the Federal Reserve Board of Governors or its employees regarding NOVA's TARP application;**
> **d. All presentations made by the Pennsylvania Department of Banking or its employees regarding NOVA's TARP application;**
> **e. All minutes, notes and reports of any meetings by the Capital Purchase Program Council regarding NOVA's TARP application; and**
> **f. All minutes, notes and reports of any meetings by Treasury's Investment Committee regarding NOVA's TARP application.**

Treasury Subpoena attached as Ex. A to Gov't Motion to Quash at 10 (Oct. 22, 2015), ECF No. 92.

As discussed *supra*, Counts One through Four of the Indictment generally assert that Defendants conspired to enter into a scheme to defraud Treasury via TARP. Presentations made regarding NOVA's TARP application and minutes, notes or reports of such meetings will reveal what, if any, representations by Defendants or people purportedly acting at the direction of Defendants were actually communicated to the TARP decision-makers and which representations, if any, were actually considered and whether they appeared to objectively be material to the TARP decision-makers. Therefore, these documents are relevant because they go to the central issues in this case: (1) whether Defendants actually made false statements directly or indirectly to Treasury for the purpose of obtaining TARP and (2) whether those statements, if made, were material.

## V. CONCLUSION

For the foregoing reasons and such others as the Court may deem appropriate, the Government's Motion to Quash Subpoena Duces Tecum should be denied and the U.S. Department of Treasury should be directed to comply with Bekkedam's subpoena *duces tecum*.

Date: <u>October 27, 2015</u>                                      Respectfully submitted,

                                                    /s/ Allison Baker Shealy
Joel D. Schwartz
Russell D. Duncan
Jacob S. Frenkel
Allison Baker Shealy
jschwartz@shulmanrogers.com
rduncan@shulmanrogers.com
jfrenkel@shulmanrogers.com
ashealy@shulmanrogers.com
Shulman Rogers Gandal Pordy Ecker, P.A.
12505 Park Potomac Ave., 6th Floor
Potomac, MD 20854
T: (301) 945-9240
F: (301) 230-2891

Michael J. Engle
m.engle@gpeff.com
Greenblatt Pierce Engle Funt Flores
123 South Broad St. Suite 2500
Philadelphia, PA 19109
(215) 985-4275
Fax: (888) 495-7377

*Attorneys for Barry Bekkedam*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this day, October 27, 2015, I caused the foregoing *Defendant Barry Bekkedam's Opposition to Motion to Quash Subpoena Duces Tecum* to be filed electronically with the Case Management/Electronic Case Filing System ("CM/ECF") for the Federal Judiciary. Notice of this filing will be sent to all parties by operation of the CM/ECF system, and the parties to this action may access this filing through CM/ECF.

      /s/Allison Baker Shealy
      Allison Baker Shealy